```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
EDMUNDO RAZO,
                                                    :
                    Plaintiff,                              04 Civ. 1348 (PAC) (DF)
                                                    :
    -against-                                               ORDER
                                                    :
MICHAEL J. ASTRUE, COMMISSIONER
OF SOCIAL SECURITY,[1]                              :

                    Defendant.                      :

-------------------------------------------------------------------x
```

HONORABLE PAUL A. CROTTY, United States District Judge:

The Court hereby adopts the Report and Recommendation ("R&R") of Magistrate Judge Debra Freeman, denies the objections of Social Security claimant Edmundo Razo ("Razo"), remands the matter to the Social Security Administration ("SSA") for a recalculation of Razo's benefits from January 1, 1998, and grants the Commissioner's motion to dismiss in all other respects.

## BACKGROUND

**I. Factual Background**

The occurrence of the injury at issue and subsequent medical history, diagnoses, treatment, and examination are summarized in the R&R. They need not be repeated here, and the Court accepts them as complete and accurate.

---

[1] Michael J. Astrue, the current Commissioner of Social Security, took office as of February 12, 2007. Per Federal Rule of Civil Procedure 25(d)(1), he is automatically substituted as Defendant for his predecessor in office, Joanne B. Barnhart, who had been named as defendant in Plaintiff's Complaint.

## II. Procedural History

### A. Razo's Original Application for Disability Benefits and 1996 Hearing Before the Administrative Law Judge

On January 19, 1995, Razo applied for disability benefits from December 1994 forward. On May 28, 1996, Administrative Law Judge ("ALJ") Kenneth Levin denied Razo's application, finding that Razo was not entitled to benefits under either Title II or XVI of the Social Security Act. In June 1996, Razo requested an Appeals Council review of the ALJ's denial of his benefits claim, which was denied on November 5, 1997.

### B. Razo's Second Application for Benefits and 1999 Hearing Before the ALJ

Razo immediately filed a new application for Title XVI benefits (seeking disability benefits from 1996 forward). This second application was denied twice by the Commissioner before being approved by David Whitney ("Whitney"), an SSA Attorney Advisor authorized to issue approvals as part of a decision-expediting procedure. (Administrative Record ("R") 264.) Whitney concluded that Razo was "totally disabled" as a result of vertigo (R 395), and approved his application for Title XVI benefits retroactive to November 5, 1997. On March 22, 1999, the parties agreed to remand the case so the ALJ could "reconcil[e] the Commissioner's two decisions on [Razo]'s applications for benefits." (R 265.)

On remand, the ALJ reviewed the entire period from December 1, 1994 through the date of the 1999 hearing. The ALJ reopened the 1998 approval by Whitney, compared it to his 1996 ruling, and denied Razo benefits for the entire period from December 1994 to the date of the 1999 decision.

### C. Challenge in Federal District Court

Razo moves for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, seeking: (1) an order reversing the final decision or, alternatively, (2) a

remand to ALJ Levin to address alleged errors in the ALJ's determination that Razo was not disabled and therefore not entitled to benefits. The Commissioner cross-moves to uphold the final decision, but is prepared to grant benefits to Razo retroactive to January 1, 1998, to remand solely for the purpose of calculating benefits from that date forward.[2]

The cross-motions were assigned to Magistrate Judge Freeman, who issued a 53-page R&R on January 23, 2008, which thoroughly reviewed the administrative record as well as all of the arguments that Razo now raises again, here challenging both the ALJ's decision and the Magistrate Judge's R&R. The R&R recommended that the Commissioner's decision be upheld and that the matter be remanded solely for the purpose of calculating disability benefits retroactive to January 1998, as urged by the Commissioner. Razo filed timely objections to the R&R on February 11, 2008, and the Commissioner filed a response to those objections on February 29, 2008.

## APPLICABLE LAW

### I. Eligibility Evaluation Process

#### A. Application of the Five-Step Sequential Process by the ALJ

Based on the medical testimony, the SSA applied the familiar five-step process mandated by 20 C.F.R. §§ 404.1520 and 416.920 to determine whether Razo, the claimant, was disabled. The ALJ determined the following:

(1) At step one, the ALJ found that Razo had not engaged in any substantial gainful activity since December 1, 1994. (R 278.)

(2) At step two, the ALJ found that Razo's post concussion syndrome constituted a "severe" impairment, determining the alleged onset date ("AOD") as December 1, 1994. (R 276.)

---

[2] Although the Commissioner does not explain his reasons for conceding that Razo is entitled to benefits from January 1, 1998 forward, the Court assumes that this concession is based on Razo having reached the age of 60 during that month. (See Administrative Record ("R") 298.) In any event, as Plaintiff's entitlement to benefits as of January 1, 1998 is unchallenged, the Court does not address the issue.

3

(3) At step three, the ALJ found that the impairment did not meet or equal a listed impairment listed in Appendix 1 of the regulations. (R 276-277.)

(4) At step four, the ALJ found that Razo was unable to perform his past work as a tractor-trailer driver. (R 277.)

(5) Finally, at step five, the ALJ found that the Commissioner had satisfied his burden that there were other "medium"-level[3] jobs that Razo could perform, thus precluding his status as "disabled." (R 277.)

Razo does not dispute the ALJ's findings as to steps one through four. Thus, the only question for this Court is whether, at step five, the ALJ made any errors of law that might have affected the disposition of the case or made any findings that were not supported by substantial evidence.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The R&R recommended the following:

(1) that the ALJ did not err when he assigned less weight to the opinion of Razo's treating physician, Dr. David Burke ("Burke"), because it was not well supported by the medical record as a whole (R&R 34);

(2) that the ALJ did not err in finding Razo capable of performing medium work because it was supported by substantial evidence, including the finding of the Disability Determination Services ("DDS") physicians (Id. 41-42);

(3) that the ALJ's directions to vocational expert ("VE") William Mooney were proper because they were consistent with Dr. Brian Anziska's ("Anziska") testimony (Id. 44-46);

(4) that the ALJ did not err in accepting the VE's testimony because the discrepancy between the Dictionary of Occupational Titles[4] ("DOT") and the VE was immaterial (Id. 47-49);

---

[3] Medium work involves lifting no more than fifty pounds at a time with frequent lifting of up to 25 pounds. 20 C.F.R. §§ 404.1527(c), 416.927(c). According to the Dictionary of Occupational Titles ("DOT"), a job classified as exertionally "medium" work calls for "[e]xerting 20 to 50 pounds of force occasionally, and/or 10 to 25 pounds of force frequently, and/or greater than negligible up to 10 pounds of force constantly to move objects." DOT, Appendix C (IV).

[4] The Dictionary of Occupational Titles ("DOT") includes information about jobs (classified by their exertional and skill requirements) that exist in the national economy. 20 C.F.R. § 416.969.

4

(5) that the ALJ properly considered Razo's work history when assessing his credibility because Razo's subjective complaints were "out of proportion to the objective clinical findings" (Id. 50) (quoting Punch v. Barnhart, No. 01 Civ. 3355 (GWG), 2002 WL 1033543, at *14-15 (S.D.N.Y. May 21, 2002) (holding that the discrepancy between claimant's subjective complaints and objective clinical findings was material to ALJ's credibility determinations)).

## STANDARD OF REVIEW

### I. Evaluation of a Magistrate Judge's Report and Recommendation

In evaluating the Report and Recommendation of a Magistrate Judge, the District Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection has been made to the Magistrate Judge's recommendations, the court is required to review the contested portions de novo. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). For uncontested portions of the R&R, the court need only review the face of the record for clear error. See Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

### II. Review of the Commissioner's Denial of Benefits

A district court's review of the denial of disability benefits is limited. A court is not permitted to set aside the ALJ's decision unless it was formed on the basis of some legal error or not supported by substantial evidence. Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998). Substantial evidence is evidence which a reasoning mind would accept as sufficient to support a particular conclusion; it consists of more than a mere scintilla of evidence but may be less than a preponderance. Cellular Tel. Co. v. Town of Oyster Bay, 166 F.3d 490, 494 (2d Cir. 1999). If the evidence is such that it can lead to more than one rational interpretation, the conclusion of the Commissioner must be paid deference and upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5

Remand is not always required and a district court may enter a judgment affirming, reversing, or modifying the determination of the Commissioner of Social Security with or without remanding the cause for a rehearing. 42 U.S.C. §405(g). Where the ALJ has failed to develop the record with a sufficient degree of particularity to make disability determinations, remand for further findings is appropriate in order to ensure the proper disposition of the claim. Butts v. Barnhart, 388 F.3d 377, 386 (2d Cir. 2004) (quoting Rosa v. Callahan, 168 F.3d 72, 83 (2d Cir. 1999)). However, where there is "no apparent basis to conclude that a more complete record might support the Commissioner's decision, [courts have] opted simply to remand for a calculation of benefits." Id. at 385-86 (quoting Rosa, 168 F.3d at 83); see also Cabrera v. Astrue, No. 06 Civ. 9918 (JCF), 2007 WL 2706276, at *10-12 (S.D.N.Y. Sept. 18, 2007) (case remanded to the Commissioner solely for calculation of benefits because there was no need to consider new evidence).

Magistrate Judge Freeman recommended that the Commissioner's decision be upheld, and that the matter be remanded to the Commissioner solely for the purpose of calculating and awarding Razo disability benefits as of January 1998. Razo filed objections to the R&R and the Commissioner filed an Opposition to Razo's objections. As to all findings of the Magistrate Judge that are not contested by either party, this Court adopts those recommendations, having found no clear error. The contested portions of the R&R are reviewed below de novo.

The objections here are a replay of all the old arguments heard and decided by the ALJ, SSA, and Magistrate Judge. The Commissioner argues, and the Court agrees, that Razo already raised each of his objections before the Magistrate Judge. (See Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings, dated December 13, 2005 ("Pl. Br.") at 17-25 (arguing the ALJ's finding that Razo could do medium work was not supported by substantial

evidence, the VE's testimony conflicted with the DOT, the ALJ did not properly consider Razo's work record in assessing credibility, and that reversal is appropriate).) Where objections to an R&R simply reiterate the same arguments in the original pleadings, a district court need only review for clear error. Edwards v. Fischer, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006) (citing Vega v. Artuz, No. 01 Civ. 9397 (RJH) (THK), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)). In the exercise of prudence and caution, however, the Court will reconsider these objections here and review the contested portions of the R&R de novo. The only issue before the Court is whether there is substantial evidence to support the ALJ's decision.

### PLAINTIFF'S OBJECTIONS

On January 23, 2008, Razo filed objections to the R&R, arguing that:

(1) the record lacked substantial evidence to support the ALJ's finding that Razo had the capacity to lift 50 pounds and perform the full range of medium work (Plaintiff's Objections to the Magistrate Judge's Report and Recommendation ("Pl.'s Obj.") 1-7);

(2) the ALJ erred by accepting the testimony of vocational expert William Mooney (Id. 7-12);

(3) it was not a harmless error for the ALJ to fail to take into account Razo's work history when making credibility determinations (Id. 12-16); and

(4) reversal and payment of benefits, not remand, is appropriate. (Id. 16-18.)

The Court reviews these objections in turn.

### I. Objection to Finding that Razo Can Perform Medium Work

In his 1999 decision, the ALJ concluded that Razo retained the residual functional capacity to lift 50 pounds occasionally and 25 pounds frequently, and thus perform medium work. (R 279.) Razo contends that Magistrate Judge Freeman erred when she agreed with the ALJ's finding because it was: (1) in direct conflict with Dr. Anziska's testimony and (2) not otherwise supported by substantial evidence. (Pl.'s Obj. 1-7.) On both points, Razo is incorrect.

7

### A. ALJ's Finding Does Not Conflict with Dr. Anziska's Testimony

Razo argues that the ALJ's finding, that he is able to lift 50 pounds, is in direct conflict with Dr. Anziska's 1996 testimony, which placed a 30-pound prudential or nonexertional restriction on Razo's lifting capacity in the event he had vertigo, dropped the object, and hurt himself. (Id. 1-5.) In his decision, the ALJ stated that Dr. Anziska used the phrase "medium" in characterizing Razo's exertional ability when in fact, Dr. Anziska never actually used that term. According to Razo, this constitutes error. A close reading of the record, however, reveals that the ALJ's 1999 findings are supported by the substance of Dr. Anziska's testimony, regardless of his official classification and use of the term "medium." Dr. Anziska found that Razo was exertionally and physically capable of lifting 50 pounds, and the ALJ based his conclusion on that diagnosis. Thus, it is immaterial whether Dr. Anziska employed the phrase "medium." Razo's argument is rejected; it elevates form over substance and overemphasizes a particular word.

### B. ALJ's Finding is Supported by Substantial Evidence

Razo next argues that the ALJ's 1999 finding that he can perform medium work was not supported by substantial evidence because the evaluation of Razo's treating physician, Dr. Burke, should control. Razo is incorrect. The ALJ's 1999 finding that Razo had the capacity to occasionally lift 50 pounds was supported by substantial evidence—i.e., (1) the battery of normal test results and lack of objective medical evidence supporting Razo's claim, (2) the report of the DDS physicians finding that Razo could lift 50 pounds, in conjunction with other evidence,[5] and (3) Dr. Anziska's testimony. It is therefore reasonable to conclude that the evidentiary record supports the ALJ's 1999 finding. See Cellular Tel. Co., 166 F.3d at 494.

---

[5] While "[t]he opinions of non-examining medical personnel cannot, in themselves and in most situations, constitute substantial evidence to override the opinion of a treating source," see Schisler v. Bowen 851 F.2d 43, 45 (2d Cir. 1988), here, the opinions of Drs. Reynolds and Danza were not considered in isolation.

But even if the ALJ's conclusion that Razo can lift 50 pounds occasionally was not adequately supported, the error is immaterial. The ALJ's conclusion that there were medium jobs available to Razo was based on the 1996 testimony of a VE who identified those jobs based on a 30-pound lifting limitation, rather than a 50-pound limitation. (R 48.) Even assuming that Razo was unable to lift the full 50 pounds occasionally, the Commissioner has still met the burden of demonstrating, based on a 30-pound lifting limitation, that Razo is capable of performing work as an industrial cleaner, a porter, and a busser of tables (the "VE-recommended jobs"). (R 47-49.)

## II. Objection to ALJ's Reliance on Vocational Expert

At the 1996 hearing, the ALJ asked a VE to identify jobs which could be performed by an individual who could lift 25 to 30 pounds frequently, but not 50 pounds, and who should avoid jobs that entail exposure to dangerous machinery, heights, and frequent turning of the head. (R 47-48.) The VE responded that such a person could perform the VE-recommended jobs. (R 47-48.) Razo objects, arguing that the ALJ erroneously relied on the VE's testimony because it was in direct conflict with the DOT. (Pl.'s Obj. 7-12.) Specifically, Razo argues that the VE-recommended jobs are based on a 30-pound limitation and directly conflict with the DOT, which stipulates that the same three jobs require the exertional ability to lift up to 25 pounds frequently and 50 pounds occasionally. (Id. 8-10.) Given this discrepancy, Razo contends that the DOT's 50-pound weight requirements must govern. (Id. 10.)

Pursuant to Social Security Ruling 00-4p, the ALJ is required to "[i]dentify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs . . . and information in the [DOT]." S.S.R. 00-4p.

> Neither the DOT nor the VE . . . evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict

9

> by determining if the explanation given by the VE or VS
> [vocational specialist] is reasonable and provides a basis for
> relying on the VE or VS testimony rather than on the DOT
> information.

Id. With respect to such conflicts, the ALJ must then "[e]xplain in the determination or decision how any conflict that has been identified was resolved." Id. It is left to the ALJ to determine if there is a reasonable basis to rely on the VE's testimony.

Here, the ALJ determined that it was appropriate for the expert, based on the VE's own knowledge and expertise, to provide specific information about those occupations as they are actually performed. See Mendez v. Barnhart, No. 05 Civ. 10568 (SHS), 2007 WL 186800, at *14 (S.D.N.Y. Jan. 23, 2007) (finding that the testimony of a vocational expert, describing subsets of jobs that required only certain of the exertional demands of the jobs listed in the DOT classification, was not inconsistent with the DOT under S.S.R. 00-04p, and could be relied upon by the ALJ). Accordingly, the ALJ was entitled to accept the VE's testimony that jobs requiring the lifting of no more than 30 pounds existed in the national economy.

Finally, Razo's argument that the industrial cleaning and the porter jobs also involve exposure to noise and may be beyond his ability is without merit. The ALJ never found that Razo had any such limitations in either 1996 or 1999 and there is no evidence in the record to suggest that any job limitation should be placed on Razo based on noise levels. All of Razo's objections regarding the VE's testimony are dismissed.

**III. Objection to ALJ's Credibility Determination Based on Razo's Work History**

Razo argues, as he did before Magistrate Judge Freeman, that the ALJ erred in not considering his work history when assessing his credibility. (Pl.'s Obj. 12.) Razo is wrong.

An ALJ must consider the entire case record when assessing claimant credibility. See S.S.R. 96-7.[6] "A claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability." Rivera v. Schweiker, 717 F.2d 719, 725 (2d Cir. 1983) (citing Singletary v. Sec. of HEW, 623 F.2d 217, 219 (2d Cir. 1980)). A claimant's work history is not dispositive, however, in assessing credibility. That history is but one of many factors the ALJ must consider in weighing the claimant's credibility. See Schaal v. Apfel, 134 F.3d 496, 502 (2d Cir. 1998); accord Marine v. Barnhart, No. 00 Civ. 9392 (GBD), 2003 WL 22434094, at *4 (S.D.N.Y. Oct. 24, 2003). In particular, where a claimant's complaints are "out of proportion to the objective clinical findings," it is permissible for the ALJ to find the claimant less than fully credible. Punch, 2002 WL 1033543, at *14-15.

Razo is not entitled to a credibility finding based solely on his favorable work record. In fact, the record clearly demonstrates the ALJ did consider Razo's work history. (R 17-18, 277.) The ALJ concluded, however, that based on objective medical evidence, Razo's active lifestyle, and the obvious inconsistency of Razo's testimony in light of these considerations, that Razo was not credible, notwithstanding his work history. (R 17-18, 277.) The ALJ was clearly entitled to make such a finding based on this substantial evidence. See Howe-Andrews v. Astrue, No. 05 Civ. 4539 (NG), 2007 WL 1839891, at *10 (E.D.N.Y. June 27, 2007) (upholding, as supported by substantial evidence, the Commissioner's decision to discount the plaintiff's testimony, regardless of plaintiff's long work history, as plaintiff's testimony was inconsistent with, inter alia, the medical evidence and plaintiff's own activities during the relevant period); Punch, 2002 WL 1033543, at *16 ("As a matter of logic, even a claimant with such a [favorable] work history

---

[6] S.S.R. 96-7 clarifies 20 C.F.R. § 404.1529, which states "[w]e will consider all of the evidence presented, including information about your prior work record, your statements about your symptoms, evidence submitted by your treating or nontreating source, and observations by our employees and other persons." 20 C.F.R. § 404.1529(c)(3).

11

may be untruthful and the ALJ must still be entitled to make credibility determinations based on other evidence in the record, such as a claimant's demeanor, conflicting testimony and medical evidence." (internal citation omitted)). Razo's objection to the credibility determination is denied.

**IV. Reversal for Calculation and Payment of Benefits**

Finally, Razo argues for reversal, rather than remand, because he contends the record contains "persuasive proof" of disability such that further evidentiary proceedings would be pointless. Gold v. Sec. of HEW, 463 F.2d 38, 44 (2d Cir. 1972); Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980). He is entitled neither to reversal nor remand for additional proceedings.

A mountain of objective medical data and diagnostic tests demonstrates that Razo has little support for his disability benefits claim. Indeed, the entire period of Razo's claimed disability contained absolutely no suggestion that Razo suffered from any muscular or skeletal condition that physically limited his capacity to lift any amount of weight. (R&R 41.) The opinion of Dr. Burke, unsupported by any medical evidence, is well short of the "persuasive proof" needed to demonstrate disability. Given the overwhelming objective medical data, Razo's active lifestyle, and the opinions of numerous doctors who could find nothing clinically wrong with Razo, the record demonstrates an overall likelihood of available employment and does not support reversal. See Vargas v. Sullivan, 898 F.2d 293, 296 (2d Cir. 1990).

The Court therefore orders remand of this action for the sole purpose of calculating Razo's benefits from January 1, 1998 forward.

## CONCLUSION

For the foregoing reasons, the R&R issued by Magistrate Judge Freeman is adopted in full. Razo's objections to the R&R are DENIED. The Commissioner's motion to dismiss all

other claims is GRANTED. The Clerk of the Court is directed to close out this motion and REMAND this matter to the Commissioner solely for the purpose of calculating benefits from January 1, 1998 forward.

Dated: New York, New York
July 30, 2008

SO ORDERED

*[signature: Paul A. Crotty]*

PAUL A. CROTTY
United States District Judge


Copies E-mailed To:

Christopher James Bowes
Center for Disability Advocacy Rights, Inc.,
100 Lafayette Street
Suite 304
(212) 979-0505
Fax: (212) 979-8778
Email: chris@cedarlaw.org

Susan D. Baird
U.S. Attorney's Office, SDNY
86 Chambers St.
New York, NY 10007
(212) 637-2200
Fax: (212) 637-2750
Email: Susan.Baird@usdoj.gov


Via Interoffice Mail To:

Hon. Debra Freeman
United States Magistrate Judge
United State Courthouse
500 Pearl Street, Room 525
New York, NY 10007-1312